■ MICHAEL DMYTRENKO, Respondent, v. BRUCE G. ATKINS et al., Appellants. EMPIRE MUTUAL INSURANCE COMPANY, Appellant.— Order unanimously reversed, without costs, and motion denied. Memorandum: This action was commenced on August 14, 1965 to recover damages for injuries sustained on January 7, 1965. The case was placed on the general docket on February 5, 1968 and was deemed abandoned on February 5, 1969 (CPLR 3404). On August 26, 1971 plaintiff moved to restore the case to the calendar on the affidavit of his attorney showing that the case was removed from the Trial Calendar in February, 1968 so that a declaratory judgment action by defendant Rigby's insurance company could be tried first; that plaintiff's first attorney Namisniak died on October 17, 1968; that plaintiff retained a second attorney Rybarczyk and affiant was substituted as attorney on March 18, 1971 when Rybarczyk was appointed Cayuga County Judge. There is no affidavit by plaintiff or by his former attorney Rybarczyk. Plaintiff failed to show that anything had been done on his behalf in the prosecution of his action from February, 1968 until August 26, 1971 and also failed to state meritorious reasons for its restoration to the calendar as required by section 1024.13 of the Supreme Court (4th Dept.) Rules (22 NYCRR 1024.13 [a]). The granting of the order was an improvident exercise of discretion. (Appeals from order of Cayuga Special Term restoring action to Trial Calendar.) Present — Del Vecchio, J. P., Witmer, Moule, Cardamone and Henry, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. BRUNO BATTAGLIA, Appellant.— Judgment insofar as it convicts defendant of the crime of assault second degree unanimously reversed, on the law, and second count of the indictment dismissed, and judgment otherwise affirmed. Memorandum: It is clear, as conceded by the District Attorney, that all parties involved failed in their responsibility to have the assault charge transferred to the Family Court which had exclusive original jurisdiction. Pursuant to the mandate of section 812 of the Family Court Act, the conviction for assault second degree must be reversed (see People v. Johnson, 20 N Y 2d 220; People v. Pieters, 26 A D 2d 891; People v. De Jesus, 21 A D 2d 236). In 1965 appellant was sentenced by the Monroe County Court for an assault upon his wife to a term of two and one-half to five years, to be served concurrently with a term of 8 to 15 years for a related manslaughter charge. In the exercise of discretion and in the interest of justice, the second count of the indictment by which appellant is charged with assault, is dismissed. (Appeal from judgment of Monroe County Court convicting defendant of manslaughter, first degree and assault, second degree.) Present — Goldman, P. J., Marsh, Gabrielli, Moule and Cardamone, JJ.